Thiago M. Coelho (Cal Bar No. 324715)
thiago@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff Valerie Brooks*
*and the Putative Class*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE BROOKS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TAPESTRY, INC. d/b/a KATE SPADE, a Maryland corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE No. 2:21-cv-00156-TLN-JDP<br><br>**PLAINTIFF VALERIE BROOKS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>Hon. Troy L. Nunley<br><br>Date:   April 29, 2021<br>Time:   2:00 p.m.<br>Room:   2, 15th Floor |

1

## NOTICE OF MOTION

2

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

3

PLEASE TAKE NOTICE THAT on April 29, 2021, at 2:00 p.m., or as soon thereafter

4

as counsel may be heard in the courtroom of the Honorable Troy L. Nunley, located in the

5

Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, Plaintiff

6

Valerie Brooks will and hereby does move for an order appointing Thiago M. Coelho, Esq., of

7

Wilshire Law Firm, PLC, as interim class counsel.

8

This Motion is based on this Notice of Motion, the attached Memorandum of Points and

9

Authorities, the Declaration of Thiago M. Coelho, Esq., all the pleadings, files and records in

10

this matter, any argument or evidence that may be presented to the Court prior to its ruling, and

11

all other matters of which the Court may take judicial notice.

12

13

Dated:  March 19, 2021                                Respectfully Submitted,

14

15

**WILSHIRE LAW FIRM**

16

*/s/ Thiago M. Coelho*

17

Thiago M. Coelho

18

*Attorneys for Joseph Mier and the Putative Class*

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   THIAGO M. COELHO AND WILSHIRE LAW FIRM ARE ADEQUATE CLASS COUNSEL.

"Rule 23(g)(3) grants the Court authority to appoint pre-certification 'interim' class counsel." *Benkle v. Ford Motor Co.*, No. SACV161569DOCJCGX, 2017 WL 8220707, at *3–4 (C.D. Cal. Apr. 28, 2017) (citing Fed. R. Civ. P. 23(g)(3). "The 2003 Advisory Committee Notes explain that interim counsel should be appointed 'if necessary to protect the interests of the putative class,' and may be appropriate in cases of 'rivalry or uncertainty.'" *Id.* (quoting Fed. R. Civ. P. 23(g)(3), 2003 Advisory Committee's Notes). "Any attorney acting on behalf of the class 'must act in the best interests of the class as a whole.'" *Id.* (quoting Fed. R. Civ. P. 23(g)(3), 2003 Advisory Committee's Notes).  "Interim counsel can only be appointed if that counsel is adequate under the Rule 23(g)(1) factors and will 'fairly and adequately represent the interests of the class'" under Rule 23(g)(4). *Id.* (quoting Fed. R. Civ. P. 23(g)(2)).

In evaluating adequacy under Rule 23(g)(1)(B), the Court looks to the factors identified in paragraph (1)(A): (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). Beyond the four considerations set forth in Rule 23(g)(1)(A), the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

*Id.*

### A.   Counsel Has Done Significant Work Identifying and Investigating the Potential Claims in this Action.

Before counsel for Plaintiff drafted the Complaint, his office reviewed the issues identified by Ms. Brooks to determine whether they were sufficient to state claims under the ADA and Unruh Act.  After the Complaint was drafted, counsel for Plaintiff engaged with an expert to

identify each and every deviation from national standards that the website presents, for use in the litigation. Since that time, counsel for Plaintiff has diligently engaged in settlement negotiations, and planned carefully his means of attack. Counsel for Plaintiff has made significant inroads in this case.

**B.** **Counsel is Experienced in Handling Specifically This Type of Class Action.**

Thiago M. Coelho and Wilshire Law Firm have successfully settled approximately 160 ADA class actions on behalf of blind and visually impaired plaintiffs alleging barriers in websites which prevent those websites from working with screen-reading software, just like this one. They have defeated countless motions to dismiss, including those alleging lack of standing, and lack of personal jurisdiction, and have fought and won battles over exercise of supplemental jurisdiction. They have also filed motions for class certification. They know what it takes to see these types of cases through to the end, and are primed to do so here.

**C.** **Counsel is Knowledgeable on Applicable Law.**

Due to this experience, Thiago M. Coelho and Wilshire Law Firm are extremely knowledgeable and well-versed in Title III of the ADA and the Unruh Act. These attorneys know the ins and outs of disability discrimination, having fought countless battles over standing, jurisdiction, and on the merits of their claims.

**D.** **Counsel Has Committed and Will Commit Significant Resources Towards Representing the Class.**

Thiago M. Coelho and Wilshire Law Firm have heavily invested in attorneys and support staff dedicated to Title III ADA and Unruh Act cases and can put together the team necessary to prevail. Wilshire Law Firm, PLC, has also invested in an expert's investigation of the website, resulting in an expert report which will provide key evidence in this case. Thiago M. Coelho and Wilshire Law Firm will commit to expend whatever extra resources are necessary to succeed in this litigation.

///

///

**E.    The Existence of a Competing Non-Class Action in the Southern District of Florida Necessitates Early Appointment of Counsel.**

Courts have held that interim counsel "may be appropriate in cases of 'rivarly or uncertainty.'"  *Benkle*, 2017 WL 8220707, at *3–4 (quoting Fed. R. Civ. P. 23(g)(3), 2003 Advisory Committee's Notes).  Such a case is presented here.  A different plaintiff has filed an individual case in the Southern District of Florida entitled *Petersen v. Tapestry, LLC*, No. 0:20-cv-62081-RS, which seeks only injunctive relief, and the Defendant has filed a motion to stay Ms. Brooks' case pending resolution of the Florida action.  If Defendant prevails, it will put at risk the possibility of classwide recovery whatsoever, as *Petersen* is not a class action, yet will likely impact the Classes' ability to recover in this case.  As the *Petersen* plaintiff is in all likelihood a class member of the Nationwide Class pled by Ms. Brooks, and can recovery monetarily in this case, though she cannot recover damages in her own, she stands to benefit from interim class counsel being appointed here, and this case moving forward.

## II.    CONCLUSION

Respectfully, the Court should grant Plaintiff's motion and issue an order appointing Thiago M. Coelho as interim class counsel.

Dated:  March 19, 2021                                 Respectfully Submitted,


**WILSHIRE LAW FIRM**


*/s/ Thiago M. Coelho*
Thiago M. Coelho

*Attorneys for Valerie Brooks and the Putative Class*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137