UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE BROOKS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TAPESTRY, INC. d/b/a KATE SPADE, a Maryland corporation; and DOES 1 to 10 inclusive<br><br>Defendants. | No. 2:21-cv-00156-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Plaintiff Valerie Brooks's ("Plaintiff") Motion for Appointment of Interim Class Counsel. (ECF No. 11.) Defendant Tapestry Inc. d/b/a Kate Spade ("Defendant") filed an opposition. (ECF No. 14.) Plaintiff did not file a reply. For the reasons set forth below, the Court DENIES Plaintiff's motion.

///

///

///

///

///

///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who is legally blind, can only experience the internet through screen-reading software. (ECF No. 1 at 8.) Defendant operates a website that provides consumers with access to information regarding women's handbags, wallets, clothing, shoes, accessories, and more. (*Id.* at 7.) Plaintiff alleges she cannot use Defendant's website because it is incompatible with screen-reading software. (*Id.* at 8.)

Plaintiff filed this action on January 26, 2021, alleging violations of the Americans with Disabilities Act of 1990 and California's Unruh Civil Rights Act. (*See id.*) Defendant filed an answer on February 19, 2021. (ECF No. 4.) On March 12, 2021, Plaintiff filed a motion to strike Defendant's affirmative defenses, which is still pending and will be addressed in a separate order. (ECF No. 8.) On March 19, 2021, Plaintiff filed the instant motion to appoint interim class counsel pursuant to Federal Rule of Civil Procedure ("Rule") 23(g)(3). (ECF No. 11.)

### II. STANDARD OF LAW

Rule 23(g)(3) states "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The 2003 Advisory Committee Notes to Rule 23 explain that interim counsel should be appointed "if necessary to protect the interests of the putative class" and may be appropriate in cases of "rivalry or uncertainty." Interim counsel can only be appointed if that counsel is adequate under the Rule 23(g)(1) factors and will "fairly and adequately represent the interests of the class" under Rule 23(g)(4). Fed. R. Civ. P. 23(g)(2).

### III. ANALYSIS

Plaintiff moves for an order appointing Thiago M. Coelho as interim class counsel. (ECF No. 11 at 2.) Plaintiff argues the Court should appoint interim counsel for the following reasons: (1) counsel has done a significant amount of work identifying and investigating the claims in this action; (2) counsel is experienced in handling this type of class action; (3) counsel is knowledgeable about the applicable law; (4) counsel has committed resources towards representing the class; and (5) there is a competing non-class action in the Southern District of Florida (*Petersen v. Tapestry, LLC*, Case No. 0:20-cv-62081-RS). (*Id.* at 3–5.)

In opposition, Defendant argues the Court should deny Plaintiff's motion because the competing lawsuit in the Southern District of Florida has since been dismissed, Plaintiff fails to identify prejudice if her motion is denied, and Plaintiff fails to submit any evidence demonstrating the adequacy of class counsel. (ECF No. 14 at 7–10.)

The Court agrees with Defendant that Plaintiff has not shown interim counsel is necessary to protect the interests of the putative class. The Southern District of Florida court closed *Petersen* — the sole competing lawsuit Plaintiff cites — on April 9, 2021, after the parties stipulated to dismissal. (*See* ECF No. 13-2 at 2.) As such, there is no indication rival cases exist that might justify appointing interim counsel. *See Evans v. ZB, N.A.*, No. 2:17-CV-01123-WBS-DB, 2020 WL 6526245, at *1 (E.D. Cal. Nov. 5, 2020) (denying motion for interim counsel where there was "no rivalry . . . among competing law firms to represent the putative class"); *In re Seagate Tech. LLC Litig.*, No. 16-CV-00523-RMW, 2016 WL 3401989, at *3 (N.D. Cal. June 21, 2016) ("Where there are no competing lawsuits or firms, courts in this district have been unwilling to appoint interim class counsel."). Further, Plaintiff fails to provide any evidence that counsel will suffer prejudice if this motion is denied or that counsel meets the adequacy requirements of Rule 23(g)(1)(A). Lastly, it bears mentioning that Plaintiff did not file a reply to address Defendant's arguments.

Accordingly, the Court DENIES Plaintiff's motion and "will wait to consider the adequacy of representation and appointment of class counsel until such time as [Plaintiff] move[s] for class certification." *Evans*, 2020 WL 6526245, at *2.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Appointment of Interim Class Counsel. (ECF No. 11.)

IT IS SO ORDERED.

DATED: March 29, 2022

_____
Troy L. Nunley
United States District Judge

3