# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE BROOKS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TAPESTRY, INC. d/b/a KATE SPADE, a Maryland corporation; and DOES 1 to 10, inclusive,<br><br>Defendant. | No. 2:21-cv-00156-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Plaintiff Valerie Brooks's ("Plaintiff") Motion to Strike. (ECF No. 8.) Defendant Tapestry, Inc. d/b/a Kate Spade ("Defendant") filed an opposition. (ECF No. 19.) Plaintiff filed a reply. (ECF No. 20.) For the reasons set forth below, the Court GRANTS in part and DENIES in part Plaintiff's motion.

///

///

///

///

///

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is visually impaired and legally blind. (ECF No. 1 at 1.) Plaintiff alleges Defendant failed to design, construct, maintain, and operate its website in a manner fully and equally accessible to Plaintiff and other people who are visually impaired. (*Id.* at 2.) Plaintiff filed the operative Complaint on January 26, 2021, alleging class action claims under Title III of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). (*Id.*) Defendant filed its Answer, which includes twenty-three affirmative defenses, on February 19, 2021. (ECF No. 4 at 9–14.) On March 3, 2021, Plaintiff filed the instant motion to strike affirmative defenses 1 and 3–22. (ECF No. 8.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure ("Rule") 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Rule 12(f) motions, however, are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Id.* Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *see also* Fed. R. Civ. P. 15(a)(2).

In *Wyshak*, the Ninth Circuit stated: "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."[1] *Wyshak*, 607 F.2d at 827. Under the fair notice standard, a defendant is only required to "state the nature and

---

[1] This Court and others in this district apply the *Wyshak* fair notice standard to the analysis of affirmative defenses rather than the more stringent standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and clarified by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g.*, *Peacock v. Pabst Brewing Co., LLC*, No. 2:18-CV-00568-TLN-CKD, 2022 WL 446201, at *2 (E.D. Cal. Feb. 14, 2022).

2

grounds for the affirmative defense" rather than plead a detailed statement of the facts upon which the defense is based. *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). "On the other hand, an affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'" *Id.* (quotation omitted). The pleadings are only required to describe each defense in "general terms" if it gives the plaintiff fair notice of the nature of the defense. *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). For well-established defenses, merely naming them may be sufficient. *See Ganley v. Cnty. of San Mateo*, No. C06-3923 TEH, 2007 WL 902551, at *2 (N.D. Cal. Mar. 22, 2007).

### III.   ANALYSIS

Plaintiff moves the Court to strike certain affirmative defenses because they are inappropriate, legally insufficient, or not pleaded with sufficient facts to support them.[2] (ECF No. 8.) In opposition, Defendant argues the affirmative defenses are both legally sufficient and adequately pleaded under the *Wyshak* standard, and thus, the motion should not be granted. (ECF No. 19 at 9.) The Court will address each challenged affirmative defense in turn.

#### A.   Affirmative Defense 1

Plaintiff argues the first affirmative defense (lack of standing) is not valid because "a defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." (ECF No. 8 at 13.) In opposition, Defendant argues lack of standing can be used as an affirmative defense because discovery will reveal the extent of Plaintiff's injury and Plaintiff's claims will not succeed if she does not show injury. (ECF No. 19 at 15.)

In a recent case, this Court declined to strike lack of standing as an affirmative defense. *Peacock v. Pabst Brewing Co., LLC*, No. 2:18-CV-00568-TLN-CKD, 2022 WL 446201, at *4 (E.D. Cal. Feb. 14, 2022). In *Peacock*, the plaintiff argued the Court should strike down the

---

[2] The parties disagree as to whether Plaintiff adequately shows prejudice. (ECF No. 8 at 21–22; ECF No. 19 at 11–12.) Although motions to strike affirmative defenses are sometimes not granted absent prejudice to the plaintiff, the text of Rule 12(f) does not suggest prejudice is required. *Peacock*, 2022 WL 446201, at *4. Because Plaintiff's arguments about prejudice were not material to the Court's ruling, the Court need not and does not address those arguments herein.

defendant's affirmative defenses as to standing because the Court had previously settled the issue of standing. *Id*. Although the Court had previously determined the plaintiff's standing, the Court nonetheless held the defendant could challenge the plaintiff's standing at future proceedings, such as summary judgment or trial. *Id.* Similarly, the Court declines to strike Defendant's lack of standing defense in the instant case.

Therefore, the Court DENIES Plaintiff's motion to strike the first affirmative defense.

B.     Affirmative Defense 13

Plaintiff argues the thirteenth affirmative defense (good faith) is not valid because there is no state of mind requirement for Plaintiff's claims. (ECF No. 8 at 17.) Plaintiff also argues Defendant failed to connect good faith to the facts of this case. (*Id.*) In response, Defendant argues "to the extent Plaintiff is not relying exclusively on the ADA to prove her state law claims, good faith is a legitimate defense to causes of action under [the Unruh Act]." (ECF No. 19 at 22.) Defendant does not address Plaintiff's fair notice arguments. (*Id.*)

In prior cases dealing with ADA and Unruh Act defenses, courts have declined to strike down good faith as an affirmative defense. *Cota v. Aveda Corp.*, No. 3:20-CV-01137-BEN-BGS, 2020 WL 6083423, at *8 (S.D. Cal. Oct. 14, 2020). In *Cota*, the court held "the defense of good faith, although potentially irrelevant to a violation of the ADA, is relevant to violations alleged under [the Unruh Act]." (*Id.*) The Court similarly declines to strike the good faith defense in this case to the extent it may be relevant to Plaintiff's Unruh Act claim.

Further, although Defendant did not directly address fair notice, the Court finds Defendant's allegation that it "acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted" is sufficient to give fair notice of the defense. (ECF No. 4 at 12.)

Thus, the Court DENIES Plaintiff's motion to strike the thirteenth affirmative defense.

C.     Affirmative Defense 14

Plaintiff argues the fourteenth affirmative defense (mootness) is "an improper negative defense, in as much as it questions whether Plaintiff has an actual case or controversy under Article III, which Plaintiff must prove." (ECF No. 8 at 18.) Plaintiff also argues this defense

1  does not meet the fair notice standard.  (*Id.* at 17.)  In opposition, Defendant argues the defense is
2  well-recognized in ADA access cases and Defendant's voluntary removal of alleged barriers
3  would moot Plaintiff's claim.  (ECF No. 19 at 23.)
4    Mootness is commonly upheld as an affirmative defense.  *See DeSalvo v. Islands*
5  *Restaurants*, *L.P.*, No. 20-CV-02620-VAP-EX, 2020 WL 4035071 (C.D. Cal. July 16, 2020).
6  Additionally, the Court finds Defendant sufficiently pleaded this defense because the Answer
7  does more than simply state the doctrine.  Rather, it specifically alleges "Defendant's website
8  complies with all applicable standards, if any."  (ECF No. 4 at 12.)
9    Accordingly, Plaintiff's motion to strike the fourteenth affirmative defense is DENIED.
10   D. Affirmative Defenses 3–5, 7–9, 11–12, 15, 19–20
11   Plaintiff argues Defendant's ADA-specific affirmative defenses should be stricken as they
12 do not provide fair notice under the *Wyshak* standard.  (ECF No. 8 at 9.)  In opposition,
13 Defendant argues it met this standard because the standard only requires a defendant to "state the
14 nature and grounds for the affirmative defense."  (ECF No. 19 at 13–14.)
15   In *Figueroa vs. Islands Restaurants L.P.*, a court addressed a similar motion to strike
16 regarding ADA affirmative defenses and held "Defendants' affirmative defenses borrow key
17 terms directly from provisions of the ADA.  Using these key terms, Plaintiff can read the full text
18 of the appropriate sections of the ADA associated with these defenses . . . As such, Defendants'
19 affirmative defenses are valid, as they give Plaintiff fair notice."  *Figueroa v. Islands Restaurants*
20 *L.P.,* No. 12-CV-00766-RGK (JCGx), 2012 WL 2373249, at *2 (C.D. Cal. June 22, 2012).
21 Similarly, for Defendant's ADA-specific defenses in this case, Plaintiff can access the text of the
22 ADA and inquire further regarding the affirmative defenses, which the Court finds provides
23 sufficient notice.  This applies to the following affirmative defenses: 3 (effective access); 4
24 (readily achievable); 5 (alternative methods); 7 (technical infeasibility); 8 (undue burden); 9
25 (reasonable modification); 11 (fundamental alteration); 12 (legitimate business justifications); 15
26 (equivalent facilitation); 19 (47 U.S.C § 230); and 20 (effective communication).
27   In addition to fair notice arguments, Plaintiff argues affirmative defenses 9, 19, and 20
28 lack legal sufficiency.  (ECF No. 8 at 14, 16, 20).  Plaintiff's argument is unpersuasive.  As this

Court previously stated, "if the [C]ourt is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving assessment of the sufficiency of the allegations for adjudication on the merits." *King v. C&K Mkt., In*c., No. 2:16-CV-00559-TLN-DMC, 2020 WL 5017613, at *4 (E.D. Cal. Aug. 25, 2020) (citing *Whittlestone, Inc. v. HandiCraft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010)).

For these reasons, the Court DENIES Plaintiff's motion to strike affirmative defenses 3–5, 7–9, 11–12, 15, and 19–20.

E.   Affirmative Defenses 6, 10, and 22

Plaintiff asserts affirmative defenses 6 (unclean hands), 10 (failure to mitigate), and 22 (failure to name an indispensable party) do not provide fair notice. (ECF No. 8 at 14, 16, 21.) In opposition, Defendant argues it pleaded each defense sufficiently. (ECF No. 19 at 19, 21, 27–28.)

The Court agrees with Defendant. First, the doctrine of unclean hands is a well-established, self-explanatory defense. *Springer v. Fair Isaac Corp.*, No. 14-CV-02238-TLN-AC, 2015 WL 7188234, at *4 (E.D. Cal. Nov. 16, 2015). Further, Defendant adequately alleges facts supporting this defense: "Plaintiff is not a bona fide patron, but a professional plaintiff who filed this lawsuit to try to extort a monetary settlement." (ECF No. 4 at 10.) This is sufficient to give fair notice of the defense. To the extent Plaintiff challenges the merits of the defense, the Court declines to make such a determination on a motion to strike. *King*, 2020 WL 5017613, at *4.

Second, as to failure to mitigate, Defendant alleges the basis for this defense is that Plaintiff is "purposefully accessing or alleging to be deterred from accessing Defendant's website in order to improperly stack Plaintiff's damages." (ECF No. 4 at 11.) The Court finds Defendant provided enough factual support to survive a motion to strike.

Third, as to Plaintiff's failure to name an indispensable party, the court in *Rapp vs. Lawrence Welk Resort* denied a motion to strike down this same defense under analogous circumstances. *Rapp v. Lawrence Welk Resort,* No. 12-CV-01247 BEN (WMc), 2013 WL 358268 *3 (S.D. Cal. Jan. 28, 2013) ("Since it is possible that Defendants may be able to prove that they need the cooperation of the independent facilities to alter the facilities complained of,

the 'indispensable party' defense is legally sufficient."). The Court follows the reasoning from *Rapp* and declines to strike this defense. *Id.*

Accordingly, the Court DENIES Plaintiff's motion to strike affirmative defenses 6, 10, and 22.

### F. Affirmative Defenses 16–18

Plaintiff next moves to strike Defendant's sixteenth affirmative defense (ripeness), seventeenth affirmative defense (primary jurisdiction), and eighteenth affirmative defense (due process). (ECF No. 8 at 18–20.) Plaintiff argues Defendant failed to plead sufficient facts to support these affirmative defenses. (*Id.*) Additionally, Plaintiff argues these defenses were rejected in *Robles v. Domino's Pizza* where the court held "Due Process was not violated merely because the Department of Justice ("DOJ") had failed to issue standards governing websites." (*Id.* at 19 (citing *Robles v. Domino's Pizza*, 913 F.3d 898 (9th Cir. 2019).) Plaintiff also argues the *Robles* court rejected the application of primary jurisdiction in a comparable situation. (*Id.*)

The Court does not find *Robles* to be persuasive as it involved a motion to dismiss — not a motion to strike or the fair notice standard for pleading affirmative defenses. *Robles*, 913 F.3d at 902. Additionally, the Court finds the allegations give Plaintiff fair notice of the nature and grounds for these defenses — namely, that "the Department of Justice has not yet issued any accessibility standards for websites." (ECF No. 4 at 13.)

Accordingly, the Court DENIES Plaintiff's motion to strike Defendant's sixteenth through eighteenth affirmative defenses.

### G. Affirmative Defense 21

Defendant concedes that defense 21 is identical to affirmative defense 7. (ECF No. 19 at 27.) Accordingly, the Court GRANTS Plaintiff's motion to strike affirmative defense 21 as duplicative and STRIKES that defense without leave to amend.

///
///
///
///

7

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Strike. (ECF No. 8.) The Court STRIKES the twenty-first affirmative defense without leave to amend. The motion is DENIED in all other respects.

IT IS SO ORDERED.

**DATED: August 9, 2022**

Troy L. Nunley
United States District Judge