UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE BROOKS,<br><br>        Plaintiff,<br><br>   v.<br><br>TAPESTRY, INC.,<br><br>        Defendant. | No.  2:21-cv-00156-DAD-JDP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. No. 24) |

       This matter is before the court on defendant's motion for judgment on the pleadings in this website-accessibility lawsuit brought under the Americans with Disabilities Act ("ADA"). (Doc. No. 24.) Specifically, defendant argues that plaintiff's complaint does not sufficiently allege facts that, if proven, would show a nexus between defendant's website and its brick-and-mortar stores—a necessary element for plaintiff's ADA claim. (Doc. No. 24-5 at 12–14) ("In the Ninth Circuit, even if websites are not 'public accommodations' under the ADA, a denial of equal access to a website can nonetheless support an ADA claim if the denial has prevented or impeded a disabled plaintiff from equally accessing or enjoying the goods and services offered at a defendant's physical facilities.") (citing *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905–06 (9th Cir. 2019)).

/////

In her opposition to the pending motion, plaintiff requests that she be granted leave to file an amended complaint, asserting that she "can plead the requisite nexus further because the barriers plaintiff encountered denied her the ability to shop for goods and complete a purchase of goods available in Defendant's brick-and-mortar stores." (Doc. No. 25 at 12.) Plaintiff also describes several barriers that she encountered on defendant's website that she would allege in an amended complaint. (*Id.* at 7, 10–12.) For example, plaintiff states that defendant's website was not coded properly for the navigation content to be read by her screen reader (a device used by visually impaired persons), which impeded her ability to shop for handbags that were available in defendant's brick-and-mortar stores and frustrated her experience. (*Id.* at 11–12.)

In its reply, defendant asserts that plaintiff should not be granted leave to amend because her request is not timely and is improperly raised in her opposition brief. (Doc. No. 28 at 4–6.) However, defendant does not argue that the granting of leave to amend would be futile. That is, plaintiff does not argue that the additional factual allegations that plaintiff describes would be insufficient to allege the requisite nexus to maintain an ADA claim.

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The same legal standard applicable to a Rule 12(b)(6) motion applies to a motion brought pursuant to Rule 12(c). *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

"Although Rule 12(c) does not mention leave to amend, courts have the discretion to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment." *Johnson v. Clovis Unified Sch. Dist.*, No. 1:04-cv-6719-AWI-DLB, 2007 WL 1456062, at *5 (E.D. Cal. May 17, 2007); *Kelly Moore Paint Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 14-cv-01797-MEJ, 2014 WL 2119996, at *3 (N.D. Cal. May 21, 2014) ("Courts have discretion to grant leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment.") (citation omitted)). "Federal courts

may decline to enter judgment on the pleadings when they perceive that 'hasty or imprudent use of this summary procedure' would impede the strong policy in favor of deciding cases on their merits." *Santos v. Reverse Mortg. Sols., Inc.*, No. 12-cv-3296-SC, 2012 WL 4891597, at *4 (N.D. Cal. Oct. 12, 2012) (quoting *Carrasco v. Fiore Enters.*, 985 F. Supp. 931, 934 (D. Ariz. 1997)).

Having considered the parties arguments and recognizing that plaintiff has not filed an amended complaint yet in this action, coupled with her proffer of allegations that would appear to address the pleading deficiency underlying defendant's motion for judgment on the pleadings, the court concludes that granting plaintiff leave to amend her complaint is appropriate. The court will therefore grant defendant's motion for judgment on the pleadings, but rather than enter judgment in defendant's favor, the court will dismiss plaintiff's complaint with leave to amend.

Accordingly,

1. Defendant's motion for judgment on the pleadings (Doc. No. 24) is granted;
2. Plaintiff's complaint is dismissed, with leave to amend;
3. Any amended complaint shall be filed within fourteen (14) days from the date of entry of this order; and
4. Plaintiff is forewarned that her failure to file an amended complaint may result in dismissal of this action due to her failure to prosecute.

IT IS SO ORDERED.

Dated:  **October 28, 2022**

_____
UNITED STATES DISTRICT JUDGE